IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARTEN WILLIAM MOORE,                           6:12-cv-01190-MA

        Plaintiff,                          ORDER ON EAJA
v.                                              ATTORNEY'S FEES

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

MARSH, Judge

Plaintiff seeks an award of attorney's fees in the amount of $5,203.95 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Because I find the position of the Commissioner was not substantially justified, plaintiff's application for fees is granted with a small reduction in the fee award.

## BACKGROUND

Plaintiff protectively filed his applications for disability benefits on August 25, 2008, alleging disability due to "[d]isc disease in back, diabetes." Tr. 159. His applications were denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on December 15, 2010. On January

1 - ORDER

10, 2011, the ALJ issued a decision denying plaintiff's application. After the Appeals Council denied review, plaintiff timely appealed.

Plaintiff argued that the ALJ properly rejected the opinion of Dr. Daugherty, plaintiff's treating physician. I concluded that the ALJ's reasons for rejecting Dr. Daugherty's opinion were not specific and legitimate reasons supported by substantial evidence, and accordingly remanded to the Commissioner for reconsideration of Dr. Daugherty's opinion.

Plaintiff, as the prevailing party, subsequently filed the present application (#22) for attorney's fees under the EAJA. The Commissioner opposes the award of fees, arguing solely that her position was substantially justified, and therefore, plaintiff is not entitled to fees under the EAJA.

## DISCUSSION

### I. Substantial Justification

Under the EAJA, a prevailing party is entitled to recover attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005) (internal quotation omitted). The Government's position need not be justified to a high degree, but

to a degree that could satisfy a reasonable person. <u>Pierce v. Underwood</u>, 487 U.S. 552, 563-66 (1988); <u>Bay Area Peace Navy v. United States</u>, 914 F.2d 1224, 1230 (9th Cir. 1990). A position is substantially justified if it has a reasonable basis in law and fact. <u>Pierce</u>, 487 U.S. at 565; <u>Hardisty v. Astrue</u>, 592 F.3d 1072, 1079 (9th Cir. 2010), <u>cert. denied</u>, ___ U.S. ___, 131 S.Ct. 2443 (2011).

The question is not whether the government's position as to the merits of plaintiff's disability claim was "substantially justified." <u>Shafer v. Astrue</u>, 518 F.3d 1067, 1071 (9th Cir. 2008). Rather, the relevant question is whether the Commissioner's decision to defend the procedural errors on appeal was substantially justified. <u>Id.</u> The government bears the burden of demonstrating substantial justification. <u>Kali v. Bowen</u>, 854 F.2d 329, 332 (9th Cir. 1988).

The Commissioner's argument that the ALJ cited specific and legitimate reasons for rejecting Dr. Daugherty's opinion was not substantially justified. Although I concluded that portions of Dr. Daugherty's opinion were consistent with the RFC, and that Dr. Daugherty's opinion that plaintiff could only occasionally lift ten pounds was undermined by some of plaintiff's own statements, I found that the ALJ's reasons for rejecting Dr. Daugherty's opinion were not relevant to his opinion that plaintiff would have to rest for between 20 and 30 minutes, three to four times per day.

3 - ORDER

Dr. Daugherty's opined resting limitation is an important observation and was not accounted for in the RFC. The ALJ's statements that Dr. Daugherty's opinion uncritically relied on plaintiff's unreliable self-reporting, did not explain the evidence it relied upon, and was undermined by the lack of significant clinical and laboratory abnormalities were flatly incorrect. Dr. Daugherty specifically cited imaging from the medical record that revealed significant back abnormalities. Tr. 367, 373, 403. It is clear from Dr. Daugherty's opinion that this imaging was part of what informed his opinion, which was not simply an uncritical acceptance of plaintiff's allegations. Thus, the ALJ's reasons were neither relevant to Dr. Daugherty's resting limitation, nor specific or legitimate reasons to disbelieve his opinion as a whole.

Defendant continues to argue that the opinions of examining physicians DeWayde Perry, M.D., and reviewing physician M. Desai constitute specific and legitimate reasons to reject Dr. Daugherty's opinion. This argument remains meritless for two reasons. First, the ALJ did not cite inconsistency between Dr. Daugherty's opinion and the opinions of Drs. Perry and Desai as a reason to reject Dr. Daugherty's opinion. Tr. 17. Second, the opinion of a treating physician is generally given greater weight than those of examining or reviewing physicians. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). Thus, the simple fact that the

4 - ORDER

ALJ credited examining or reviewing opinions that were inconsistent with that of a treating physician is not a specific and legitimate reason to discredit the treating physician. To hold otherwise would be contrary to settled Ninth Circuit caselaw regarding the weight to be given to treating physicians' opinions.

Finally, defendant argues that the ALJ gave specific and legitimate reasons to reject Dr. Daugherty's opinion because the ALJ summarized the facts and evidence, stated his interpretation thereof, and made findings. As discussed above, however, the ALJ's interpretation of Dr. Daugherty's opinion was largely unreasonable. Defendant's position in defending the rejection of Dr. Daugherty's opinion was not substantially justified.

## II.  EAJA Award

An award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). The starting point for a reasonable fee is the number of hours expended multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433; Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992).

5 - ORDER

Where documentation is inadequate, the court may reduce the requested award. Hensley, 461 U.S. at 433-34.

The Commissioner does not dispute plaintiff's counsel's hours worked and hourly rate, and I find them reasonable with one small adjustment. I deduct the 0.45 hours billed in 2013 for plaintiff's motions for extension of time necessitated by the press of counsel's business.[1]

### CONCLUSION

IT IS ORDERED that attorney's fees in the amount of $5,120.23 shall be awarded to plaintiff pursuant to the EAJA. The attorney's fees will be paid to plaintiff's attorney, dependent upon verification that plaintiff has no debt that qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program. See Astrue v. Ratliff, 560 U.S. 586 (2010). If plaintiff has no such debt, the check shall be made out to plaintiff's attorney and mailed to plaintiff's attorney's office.

IT IS SO ORDERED.

DATED this __12__ day of December, 2013.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

---

[1] Because a portion was spent conducting a review of the record, the entry dated 2/11/13 is only reduced by 0.15 hours.

6 - ORDER